UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| CHRISTOPHER NICHOLSON | ) | |

MEMORANDUM AND ORDER

Pending before the Court are the Defendant's letter (Docket No. 1871) requesting a sentencing reduction; a Supplemental Brief (Docket No. 1893), filed by counsel for the Defendant; and the Government's Response to Defendant's Motion For Sentence Modification (Docket No. 1917). Through his filings, the Defendant seeks a two-point reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.) The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made

retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

In this case, the Defendant was charged, along with several Co-Defendants, with participating in a conspiracy to distribute 280 grams or more of crack cocaine, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (Count One); and two counts of distribution and possession with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts Fourteen and Nineteen) (Docket No. 370). Through a Plea Agreement, the Defendant agreed to plead guilty to Counts Fourteen and Nineteen, the Government agreed to dismiss Count One at sentencing, and the parties agreed to a sentence of 151 months of imprisonment. (Docket No. 472). The parties also agreed that the Defendant was a Career Offender under Section 4B1.1(a) of the Sentencing Guidelines, and that the applicable

guideline range was 151 to 188 months, based on a total offense level of 29 and a criminal history category of VI. (Id.)

At a subsequent sentencing hearing, the Court determined that the Defendant was a Career Offender, and that the applicable sentencing guideline range was 151 to 188 months, based on a total offense level of 29 and a criminal history category of VI. (Docket Nos. 648, 649, and 890, at ¶¶ 24, 37). The Court imposed the 151-month sentence agreed to by the parties. (Id.).

Because the Defendant was determined to be a Career Offender under Sentencing Guideline Section 4B1.1(a), the Defendant's offense level and criminal history category were both determined by reference to Subsection (b) of that guideline, and not the quantity of drugs for which he was held responsible. Consequently, the Defendant's guideline range has not been lowered as a result of Amendment 782's reduction to the Drug Quantity Table in Section 2D1.1. See, e.g., United States v. Thompson, 714 F.3d 946, 949 (6th Cir. 2013)(Court held that previous amendments to drug quantity table did not apply to lower sentence of Career Offender). Accordingly, the Defendant's request for a sentencing reduction is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE